COOK, Justice
(concurring in the result).
I concur in the per curiam opinion to the extent it postpones a decision on the applicability of the McCarran-Ferguson Insurance Regulation Act, 15 U.S.C. § 1011 et seq., until the trial court has addressed that issue. It is clear that the trial court has not yet considered it.
However, it appears that the plaintiff Mae Clark has raised another issue that the trial court has not expressly addressed. That issue is whether the language of the arbitration clause is effective to apply to — retrospectively—the tort claims asserted by Clark. Those claims are based on allegations that Blue Cross and Blue Shield of Alabama (“Blue Cross”) “intentionally, deliberately, willfully, wantonly, maliciously, recklessly and/or negligently issued a Medicare supplement insurance policy to [the] Plaintiff when it knew, or should have known, that [the] Plaintiff was entitled to Medicaid benefits and, therefore, [that] the policy was worthless.” Because a cause of action for the sale of a worthless policy arises upon the first premium payment, a bona fide dispute existed between Clark and Blue Cross long before it revised its policy to include the arbitration provision at issue in this action.
To be sure, parties can voluntarily agree to arbitrate disputes between them — even disputes that pre-dated the agreement to arbitrate. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kirton, 719 So.2d 201 (Ala.1998). In order to do so, however, the parties must in the arbitration clause clearly provide for that clause to have retroactive application. For example, one of the arbitration clauses in Kirton provided:
“The undersigned agrees, that all controversies which may arise between us, including but not limited to those involving any transaction or the construction, performance, or breach of this or any other agreement between us, whether entered into prior [to], on, or subsequent to the date hereof, shall be determined by arbitration.”
719 So.2d at 202 (emphasis added in Kir-ton). In contrast to the clear, express provisions involved in Kirton, the arbitra *873 tion clause in this case provides in pertinent part:
“You have agreed to submit all claims or disputes you have that arise out of, or are in any way related to, the Contract, including any claims you may have against preferred or participating health care providers for medical care rendered pursuant to your Contract, for final and binding resolution by arbitration.”
Thus, the question presented is whether this clause is, as a matter of law, clear enough to subsume Clark’s preexisting dispute, and, if so, whether Clark — by any action or inaction — “knowingly, willingly, and voluntarily” assented to such a result. See Allstar Homes, Inc. v. Waters, 711 So.2d 924, 929 (Ala.1997). For these reasons, I concur in the result.